******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MULLINS, C. J., concurring in the judgment. I concur in the result reached by the majority, which reverses the judgment of conviction. I write separately to address a concern that, in my view, warrants this court's careful attention in a future case that properly presents the issue. That concern is that we are expanding the scope of what is reversible under the plain error doctrine for unpreserved claims involving the no adverse inference jury instruction mandated by General Statutes § 54-84 (b). In cases too numerous to count, this court has been clear that the plain error doctrine is a rule of reversibility; see, e.g., *State* v. *Kyle A.*, 348 Conn. 437, 445, 307 A.3d 249 (2024); and that plain error review should be reserved for "truly extraordinary" circumstances. (Internal quotation marks omitted.) Id., 448–49; see, e.g., *State* v. *Ruocco*, 322 Conn. 796, 803, 144 A.3d 354 (2016). To meet that high hurdle, the defendant typically must demonstrate that (1) there was an obvious error, and (2) failure to reverse the conviction would result in manifest injustice. See, e.g., *State* v. *Blaine*, 334 Conn. 298, 306, 221 A.3d 798 (2019). In *Ruocco*, however, this court explained that, under the second prong of the plain error test for unpreserved claims involving the no adverse inference instruction, the state is usually required to demonstrate that the omission of the instruction was harmless beyond a reasonable doubt. See *State* v. *Ruocco*, supra, 804–805 n.3. I question whether, for purposes of plain error, that remains the appropriate test to apply to an unpreserved claim that the trial court violated § 54-84 (b). Specifically, I am not convinced that, after *State* v. *Kitchens*, 299 Conn. 447, 482–83, 10 A.3d 942 (2011), and *State* v. *McClain*, 324 Conn. 802, 812, 815, 155 A.3d 209 (2017), we should be applying the harmless error standard to an unpreserved instructional error claim.[1]

In *Kitchens*, this court concluded that a criminal defendant's unpreserved claim of instructional error is deemed

[1] I agree with the majority that *Ruocco* was not the first time that this court had conducted a harmless error analysis when it had been asked to review these types of unpreserved instructional error claims

implicitly waived and, therefore, is not subject to review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), when, as in the present case, defense counsel has had a meaningful opportunity to review the proposed instructions. See *State* v. *Kitchens*, supra, 299 Conn. 482–83. Then, in *McClain*, we clarified that a *Kitchens* waiver limited the review available for an unpreserved instructional error claim to reversal for plain error if the defendant shows that the error is clear and that a failure to reverse the judgment would result in manifest injustice. See *State* v. *McClain*, supra, 324 Conn. 812, 815.

Yet, in considering an unpreserved claim of trial court noncompliance with § 54-84 (b) after *Kitchens* was decided, this court concluded, without mentioning *Kitchens*, that "[t]he applicable test requires the state to prove beyond a reasonable doubt that, from the viewpoint of the charge as a whole, there is no reasonable possibility that the jury was misled." (Internal quotation marks omitted.) *State* v. *Ruocco*, supra, 322 Conn. 804. Accordingly, *Ruocco* applied the harmless error standard applicable under *Golding* to an unpreserved instructional error claim that would not be entitled to *Golding* review due to a *Kitchens* waiver. The majority refers to this incongruity as a "doctrinal idiosyncrasy . . . ." Part II B 2 of the majority opinion. I doubt the wisdom of continuing this course.

Nevertheless, because the parties have not challenged this court's conclusion in *Ruocco*, I am constrained to apply the test set forth in that case. Under that test, I cannot conclude that there is no reasonable possibility that the jury was misled. Accordingly, I concur in the judgment.

under the plain error doctrine. See footnote 17 of the majority opinion and accompanying text. In my view, however, the question is whether, after *Kitchens* and *McClain,* an unpreserved instructional error claim that has been implicitly waived is still subject to harmless error analysis. I think that we need to reconcile *Ruocco* and its predecessors with *Kitchens* and *McClain*.